Izaak D. Schwaiger, SBN 267888
**SCHWAIGER LAW FIRM**
130 Petaluma Avenue, Suite 1A
Sebastopol, CA 95472
Tel. (707) 595-4414
Facsimile: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

John H. Scott, SBN 72578
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, California 94109
Telephone: (415) 561-9601
Facsimile: (415) 561-9609
john@scottlawfirm.net

Attorneys for the Plaintiff NICHOLAS LA MOTTE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS LA MOTTE,<br><br>Plaintiff,<br><br>v.<br><br>CHP Officer J. RAY (22362), CHP Sergeant J. SNIDER (17419), and DOES 1-25, inclusive.<br><br>Defendants. | Case No. 3:24-cv-7249<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[UNDER 42 U.S.C. §§ 1983]**<br><br>***JURY TRIAL DEMAND*** |

SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

COMES NOW PLAINTIFF, Nicholas La Motte, who complains of defendants, and each of them, and alleges as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. The claims alleged herein arose in the County of Sonoma in the State of California. Venue for this action lies in the United States District Court for the Northern District of California under 28 U.S.C. §1391(b)(2).

3. The incident in question occurred on or about April 25, 2023. Criminal charges against Mr. La Motte remained pending until October 19, 2023, when they were rejected by the Sonoma County District Attorney. Pursuant to Cal. Gov. Code § 945.3, the statute of limitations was tolled during the pendency of these charges. On March 28, 2024, pendant state claims were timely presented to the California State Government Claims Program pursuant to California Government Code Sec. 910 et seq., and on May 6, 2024 rejected.

**PARTIES**

4. Plaintiff Nicholas La Motte is a resident of Sonoma County, California.

5. At all relevant times, Defendants Ray and Snider were employees of the State of California.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 25 inclusive, are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names. Defendants DOES 1 through 25, and each of them, were responsible in some manner for the injuries and damages alleged herein. Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein.

7. In doing the acts and/or omissions alleged herein, the individual defendants, including DOES 1 through 25, acted in concert with each of said other defendants herein.

8. At all times during the incident, Defendants Ray and Snider acted under color of state law in the course and scope of their duties as agents and employees of the California Highway Patrol.

## STATEMENT OF FACTS

9. Nicholas La Motte is an African American man living in a predominantly white county. Sonoma County's population is approximately two percent African American. At the time of these events, he was twenty-seven years old.

10. On or about April 25, 2023, at approximately 1:25 a.m., Mr. La Motte was driving his Mercedes Sedan northbound on US-101 between Rohnert Park and Santa Rosa. As he approached the Santa Rosa exit, he noticed a vehicle following closely behind him. As Mr. La Motte turned on his turn signal and exited to Santa Rosa, the emergency lights of a California Highway Patrol vehicle began flashing behind him. Mr. La Motte turned on his hazard lights, pulled to the right shoulder, and came to a complete stop, putting his vehicle in park. Mr. La Motte then reached for his cell phone to record the interaction with law enforcement.

11. CHP Officer Ray exited his patrol vehicle behind Mr. La Motte's Mercedes and approached the driver's side window. Officer Ray advised Mr. La Motte that he had been pulled over for speeding and asked for Mr. La Motte's license and registration. As Mr. La Motte retrieved the documents, Officer Ray advised him that, "On top of that, your registration is showing expired." Mr. La Motte explained that his registration had recently been paid, presented proof to that effect, and showed a valid vehicle moving permit that had been issued by the DMV the day before. Mr. La Motte was then asked for and presented valid proof of insurance.

12. Officer Ray then inquired of Mr. La Motte if he had had any alcohol or drugs that night. Mr. La Motte replied that he had not. Officer Ray then ordered Mr. La Motte to turn and face him so that he could examine his eyes. Officer Ray then performed a horizontal gaze nystagmus test that returned negative results for impairment. Mr. La Motte stated that he was a little nervous from being pulled over all the time. Officer Ray then ordered Mr. La Motte to step out of his vehicle. Mr. La Motte complied.



SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

13. Outside of the vehicle, Officer Ray asked Mr. La Motte a battery of pre-field sobriety test questions. None of Mr. La Motte's answers indicated that he might be impaired. Officer Ray again asked if Mr. La Motte had consumed any alcoholic beverages, and Mr. La Motte again stated that he had not. Officer Ray then asked Mr. La Motte when the last time he had used drugs. Mr. La Motte answered that he had used a vape cartridge containing cannabis oil the day before for sleep, but that he had nothing at all for twenty-four hours prior.

14. Officer Ray continued his interrogation. "Nothing today whatsoever. No alcohol. No cocaine. No prescription drugs. No marijuana." Mr. La Motte again told him no. "Alright. I'm gonna have you do a few tests for me. Just wanna make sure you're safe to drive, and we'll go from there."

15. Mr. La Motte then performed a series of field sobriety tests at the direction of Officer Ray. Standardized field sobriety tests (SFSTs) are an evidence-based battery of tests developed by the National Highway Traffic Safety Administration (NHTSA) to detect scientifically validated cues of drug or alcohol impairment. There are only three such tests that have been scientifically validated and approved by NHTSA. Those tests are the Horizontal Gaze Nystagmus test (HGN), the Walk and Turn test, and the One Leg Stand. No other field sobriety tests have been scientifically validated or approved for use by NHTSA.

16. Officer Ray administered five field sobriety tests to Mr. La Motte – two of them scientifically validated NHTSA SFSTs, and three of them non-validated. Mr. La Motte showed no signs of impairment on any test, but Officer Ray nevertheless recorded in his report that Mr. La Motte had red eyes, that his speech was rapid, his eyes appeared dilated, and that his carotid pulse appeared to be "bounding." Officer Ray wrote that he observed "an extremely thick white coating" on Mr. La Motte's tongue, that he was exhibiting "full body and facial tremors," and that he had an elevated pulse. Of these items reported that might be visibly or audibly observable in Mr. La Motte's video, each of them is demonstrably false.

17. Officer Ray then administered a preliminary alcohol screening device (PAS) to measure the alcohol content of Mr. La Motte's breath. The device returned a result of 0.000%.

SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

18. Officer Ray then arrested Mr. La Motte for driving under the influence and placed him in handcuffs. Officer Ray then searched Mr. La Motte incident to this false arrest, locating no evidence of any crime, or any evidence to support a determination that Mr. La Motte had been driving under the influence. Instead, he found Mr. La Motte's phone recording from his pocket. Officer Ray removed the phone and turned off the recording. Officer Ray told Mr. La Motte that having a second officer evaluate him might help his case and asked Mr. La Motte if he would be willing to be examined by a "Drug Recognition Expert" at the station in a controlled environment. Mr. La Motte consented to the second exam.

19. Officer Ray then caused Mr. La Motte's Mercedes to be towed and impounded, and he transported Mr. La Motte to the CHP-Santa Rosa Area office where a second examination was done by CHP Sergeant Snider. But there was no controlled environment. Officer Ray and Sergeant Snider conferred privately outside the station while Mr. La Motte sat in the back of the patrol car. When the officers were done talking, they removed Mr. La Motte from the vehicle. Sergeant Snider directed Mr. La Motte to complete a second set of field sobriety tests in the office parking lot. By this time it was already past 2:30 in the morning, and the outside temperature had fallen to approximately forty-five degrees. Mr. La Motte asked if the tests could be conducted inside where it was warm, but his request was denied. He asked if there was video or audio recording in the area where the tests would be performed. The officers again told him "no."

20. During the second set of field sobriety tests, Sergeant Snider directed Mr. La Motte to perform two scientifically validated SFSTs and a number of non-validated tests. On each test Mr. La Motte performed well, without any indication of impairment. Despite this lack of evidence, Sergeant Snider wrote in his report that based on his examination he believed Mr. La Motte to be under the influence of marijuana and a central nervous system stimulant such as cocaine or methamphetamine.

21. Officer Ray then transported Mr. La Motte in handcuffs to Sutter Hospital to have his blood drawn. Mr. La Motte signed Sutter's waiver for his blood to be drawn with the caveat that his consent for the search was being offered "under duress." At the direction of Officer Ray,

SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

Sutter Hospital staff drew a vial of blood from Mr. La Motte's arm, and then Officer Ray transported Mr. La Motte to the Sonoma County jail where he was booked on charges of driving under the influence.

22. On October 19, 2023, the Sonoma County District Attorney rejected the case for filing, citing insufficiency of evidence.

23. Mr. La Motte has no criminal record. He is a law-abiding citizen who was subject to arrest and imprisonment without probable cause to believe he committed any crime. And he was targeted for mistreatment because of his race.

## **STATEMENT OF DAMAGES**

24. As a result of the acts and/or omissions alleged herein, Plaintiff suffered general damages including pain, fear, anxiety, humiliation, and emotional distress in an amount to be determined according to proof.

25. The acts and omissions of Defendants Ray and Snider and others were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages against these defendants in an amount to be determined according to proof.

26. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorneys' fees and costs.

## **CAUSES OF ACTION**

## **FIRST CAUSE OF ACTION**

[42 U.S.C. §1983 –FOURTH AMENDMENT – FALSE ARREST/FALSE IMPRISONMENT – AGAINST DEFENDANTS RAY AND SNIDER]

27. Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

28. Defendants Ray and Snider violated the Plaintiff's clearly established right to be free from unreasonable seizure as guaranteed by the Fourth Amendment to the United States Constitution.

29. An objectively reasonable officer would have known that Mr. La Motte's arrest was unsupported by probable cause. But these defendants nevertheless conspired together to arrest Mr. La Motte for a crime he did not commit because he was a black man. They accomplished this goal by falsifying police reports to convince the District Attorney to prosecute Mr. La Motte.

30. As a direct and proximate result of these acts and omissions, Plaintiff was denied his most basic constitutional rights and as a result, needlessly faced mental and emotional distress, humiliation, embarrassment, and anxiety.

31. These defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to the Plaintiff's rights.

32. These defendants' misconduct was the moving force that caused Plaintiff's injuries.

## SECOND CAUSE OF ACTION

[42 U.S.C. §1983 – UNREASONABLE SEARCH – AGAINST DEFENDANT RAY]

33. Plaintiffs hereby allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

34. Defendant Ray caused Mr. La Motte's person and vehicle to be searched incident to his arrest. Because the arrest was unsupported by probable cause, so were these searches, and because the searches were not authorized by warrant, they were presumptively unreasonable.

35. Defendant Ray further subjected Mr. La Motte's body itself to an unreasonable search by directing medical staff to puncture Mr. La Motte's vein and draw and examine his blood without his consent, without the presence of probable cause, and without the benefit of a warrant.

36. Defendant Ray's actions were moving forces that caused Plaintiff's injuries, humiliation, and suffering.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

(42 U.S.C. 1983 – Deliberate Fabrication of Evidence – Fourteenth Amendment)

SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

37. Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs to this Complaint.

38. Defendants Ray and Snider violated Plaintiff's clearly established right to not be arrested, deprived of his liberty and property, and subjected to criminal charges on the basis of fabricated evidence.

39. As a result of these acts and omissions the Plaintiff suffered damages as alleged herein.

40. The Defendants acted willfully, wantonly, maliciously, oppressively and with conscious disregard to the Plaintiff's rights.

WHEREORE, Plaintiff prays for relief as hereinafter set forth.

PENDENT STATE CLAIMS

**FOURTH CAUSE OF ACTION**

[BANE ACT (CAL. CIVIL CODE § 52.1) – DEFENDANTS RAY AND SNIDER]

41. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

42. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's free exercise and enjoyment of rights secured by the Constitution and laws of the United States and of the State of California, in violation of California Civil Code § 52.1.

43. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered deprivations of his constitutional rights, and suffered damages as set forth herein.

44. Plaintiff is entitled to an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

45. Plaintiff is entitled to treble damages, but in no case less than $4,000.00, and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

SCHWAIGER LAW FIRM
130 PETALUMA AVENUE, SUITE 1A
SEBASTOPOL, CA 95472

46. Under the provisions of California Civil Code §52(b), Defendant is further liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

1. For compensatory and economic damages according to proof;
2. For general damages according to proof;
3. For an award of exemplary or punitive damages against the individual defendants;
4. For an award of attorneys' fees and costs as permitted by law; and
5. For such other and further relief as the Court may deem necessary and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: October 17, 2024

**SCHWAIGER LAW FIRM**

By: _/s/ Izaak D. Schwaiger_
Attorney for Plaintiff