United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NICHOLAS LA MOTTE,**<br>Plaintiff,<br>**v.**<br>**J. RAY, ET AL.,**<br>Defendants. | Case No. 4:24-cv-07249-YGR<br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 44 |

Pending before the Court is defendants Officer J. Ray and Sergeant J. Snider's motion for summary judgment on plaintiff Nicholas La Motte's Fourth Amendment claims on the grounds that defendants are protected by qualified immunity. Defendants' seven-page, half-hearted motion[1] and typo-ridden reply[2] are so lacking in merit that the motion is not only **DENIED**, but oral argument is not warranted.[3]

Motions for summary judgment cannot be granted where material disputes of fact exist.[4] The standard is basic and not in dispute.

***First***, defendants' argument that there is no triable issue of material fact, thus entitling them to qualified immunity fails. "A claim for unlawful arrest is cognizable under [42 U.S.C.] § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists when, under the totality of the circumstances known to the arresting officers

---

[1] Dkt. No. 44.

[2] Dkt No. 47, Reply to Plaintiff's Opposition to Motion for Summary Judgment ("Reply").

[3] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. The hearing currently set for January 13, 2026 is hereby **VACATED**.

[4] Fed. R. Civ. P. 56(a).

(or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Id.* at 966. "In the context of an unlawful arrest . . . , the two prongs of the qualified immunity analysis can be summarized as: (1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (per curiam) (emphasis in original).

Here, plaintiff has proffered evidence that defendants' argument that probable cause existed to believe that plaintiff was driving under the influence is both false and pretextual. Not only does plaintiff dispute defendants' narrative, but video evidence exists from plaintiff's cell phone and the dashboard camera on Officer Ray's vehicle which creates material disputes of fact regarding the stop and subsequent events. Toxicology evidence also indicates that the officers' narrative may not be true. These are classic factual disputes for a jury to decide, and the Court is required by law to draw all inferences in the light most favorable to plaintiff—the nonmoving party—at this juncture. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

***Second***, defendants' reply brief demonstrates a remarkable lack of basic understanding as to the relevance of expert testimony. Defendants repeatedly object to plaintiff's expert's opinion on the grounds that she "cannot make a dispute of fact as to a 'reasonable officer' because [she] has significantly more education and information than a reasonable officer would have." (*See* Reply at 4.) The objection is meritless and overruled. Experts opine on hypotheticals to explain to a jury what a "reasonable" officer would do under the set of facts given. The jury decides the facts and considers the experts' opinions to determine whether an officer acted in an objectively reasonable manner. It is the jury's province to determine what is "objectively reasonable."

///

///

///

///

***Third***, to the extent that defendants also move for summary judgment as to plaintiff's Bane Act claim, their arguments also fail.[5] The Bane Act provides a right of action to "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California] has been interfered with" by another person's "threat[s], intimidation, or coercion." Cal. Civ. Code § 52.1(b)–(c). To prove a claim under the Bane Act, a plaintiff must show "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. City & Cnty. of San Francisco*, 17 Cal.App.5th 766, 801 (2017)). "[I]t is not necessary for the defendants to have been 'thinking in constitutional or *legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Id.* at 1045 (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)) (emphasis in original). The inquiry into specific intent focuses on (1) whether "the right at issue [was] clearly delineated and plainly applicable under the circumstances of the case"; and (2) whether the "defendant commit[ted] the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right." *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018) (quoting *Cornell*, 17 Cal.App.5th at 803). If both requirements are met, "specific intent can be shown 'even if the defendant did not in fact recognize the unlawfulness of his act' but instead acted in 'reckless disregard' of the constitutional right." *Id.* (quoting *Cornell,* 17 Cal.App.5th at 803).

Because plaintiff's Bane Act claim is, at a minimum, predicated on the same facts as his unlawful arrest and unreasonable search claims,[6] and genuine disputes of fact exist with respect to those claims, summary judgment as to plaintiff's Bane Act claim cannot be granted.

---

[5] Defendants' reply states that that they are seeking summary judgment on plaintiff's "Fourth Amendment Claims." Reply at 1. For the avoidance of doubt and since plaintiff's Bane Act claim has not been dismissed, the Court explains why summary judgment as to that claim is also improper.

[6] *See* Dkt. No. 1 ¶¶ 41–42.

For these reasons, defendants' motion for summary judgment is **DENIED**.

This terminates Dkt. No 44.

**IT IS SO ORDERED.**

Date: January 6, 2026

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California