ROB BONTA
Attorney General of California
QUINTIN LUCAS
Supervising Deputy Attorney General
RUSSELL EMMONS
Deputy Attorney General
State Bar No. 289135
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 738-9555
  Fax:  (916) 732-7920
  E-mail:  Russell.Emmons@doj.ca.gov
*Attorneys for Defendants Officer J. Ray and CHP
Sergeant J. Snider*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLAS LA MOTTE,**<br><br>                                    Plaintiff,<br><br>         v.<br><br>**CHP OFFICER J. RAY (22362), CHP SERGEANT J. SNIDER (17419), and DOES 1-25, inclusive,**<br><br>                                    Defendants. | 4:24-cv-07249-YGR<br><br>**MOTION LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S ORDER CERTIFYING APPEAL AS FRIVOLOUS BASED ON MISREPRESENTATIONS OF PLAINTIFF**<br><br>Date:          April 23, 2026<br>Time:         2:00 P.M.<br>Dept:         1<br>Judge:        Hon. Araceli Martinez-Olguin<br>Trial Date:   None Set<br>Action Filed: October 17, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT ON** April 23, 2026, at 2:00 P.M. or as soon thereafter as the matter may be heard in the above-entitled Court, Defendants CHP Officer J. Ray and CHP Sergeant J. Snider will and hereby do move this Court for leave to file a Motion for Reconsideration of the Order certifying Defendants' Appeal as Frivolous pursuant to USDC North Civil Rule 7-9. This Motion is made on the grounds that in his reply Plaintiff misunderstood and, based on his misunderstanding, misrepresented e-mail communications from Defense counsel to the Court. Because they were made on reply, Defendants could not correct the misunderstanding in a written pleading. And, the Court relied on these misrepresentations, cited

1

them specifically in the footnote of her order, and refused to allow oral argument where the misunderstanding could have been clarified. This motion will be based on this Notice of Motion and Motion, the pleadings, the Declaration of Defense Counsel Russell Emmons, the Memorandum of Points and Authorities filed herewith, the Court's original order, and other papers in the record.

Dated: March 18, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
QUINTIN LUCAS
Supervising Deputy Attorney General

RUSSELL EMMONS
Deputy Attorney General
*Attorneys for Defendants Officer J. Ray and Sergeant J. Snider*

SF2024803709
85608192.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

After plaintiff filed his motion to certify the appeal as frivolous, Defense counsel, recognizing that trial was currently scheduled and there was no guarantee on any ruling, sent an e-mail to plaintiff scheduling an exchange of trial exhibits. As part of that e-mail, Defense counsel informed plaintiff that his client was considering seeking a writ if the motion to certify was granted.

This was because, Defense counsel's client believed the appeal was in good faith and should be allowed to proceed without simultaneously preparing for a trial. Plaintiff's counsel took a sentence fragment of that e-mail and, apparently misunderstanding the context, informed the Court that he believed the Defense's only reason for the appeal was delay rather than a genuine dispute with the judge's decision.

Worse still, the Court believed plaintiff counsel's and made special mention in its order certifying the appeal as frivolous that "sanctionable conduct may have occurred." The Court also refused to hear oral arguments, so Defense counsel had no opportunity to correct plaintiff counsel's misunderstanding. Therefore, Defendants seek a fair reconsideration of the Motion to Certify Appeal as frivolous.

### II.  STATEMENT OF FACTS

On January 6, 2026, the Court denied Defendants' Motion for Summary Judgment claiming that the MVARS footage, plaintiff's statements, and after-the-fact toxicology reporting made a dispute of fact. (CR 48.)

On January 15, 2026, Defendants filed a Notice of Appeal intending to argue, in addition to other grounds, that the Court relied on evidence with insufficient foundation (Plaintiff's Expert), video footage that did not materially dispute the Officers because it did not capture the vents in question, plaintiff's self-serving hearsay, and toxicology evidence that: 1) showed the presence of intoxicants; and 2) was not available to the officers at the time of the arrest. (CR 50; Declaration of Russell Emmons "RE Dec." ¶ 2.)

///

On January 30, 2026, Plaintiffs' counsel texted Defense Counsel that he would be filing a motion to certify the appeal as frivolous, but did not explain why he believed so. In the past plaintiff's counsel and I have talked on the phone or exchanged e-mails and routinely discuss case matters in detail. (RE Dec. ¶ 3.)

On January 30, 2026, plaintiff filed his motion seeking certification from the District Court that the appeal was frivolous. (CR 53.) In response, Defense counsel filed his opposition explaining some of the grounds for the appeal, and the legal disputes with the Court's ruling. (CR 55.)

Before briefing was complete, Defense counsel confirmed with his client the legal grounds of the appeal and considered if, the motion to certify was incorrectly granted, writ review of the decision would be appropriate to allow the appeal to proceed. (RE Dec. ¶ 4.) After defense counsel and his client agreed that writ review might be appropriate if plaintiff's motion was granted, Defense counsel wrote to plaintiff's counsel explaining the competing deadlines of both the District Court and Ninth Circuit, and that Defendants might seek writ review if the order certifying the appeal as frivolous was granted. (RE Dec. ¶ 5.) This would allow the appeal to properly precede the trial, rather than forcing Defendants to simultaneously maintain their appeal and go to trial. Defense counsel's email also coordinated for trial-related deadlines and exhibit ex changes so that, if the ninth circuit did not grant a writ, the trial would not be delayed. (*Ibid.*)

Plaintiff then took that e-mail, quoted a sentence fragment and put it in his reply to the Court claiming that Defense counsel had admitted the only motive of the appeal was improper delay. (CR 56.)

The district court judge, relying on plaintiff's misunderstanding, issued an order certifying the appeal as frivolous and vacating oral argument. (CR 58.) In its ruling, the Court made special mention of the e-mail, claiming that it was potentially "sanctionable conduct." (*Ibid.*) By that reference, it was clear that the Court relied on plaintiff counsel's misunderstanding to certify the appeal as frivolous. Moreover, the Court refused to hear oral argument so Defense Counsel could not explain the issue to the Court.

/ //

4

Defense counsel seeks leave for a motion to reconsider the Court's order certifying the appeal as frivolous. This way, the Court can properly consider the merits of the appeal without the taint of the material erroneously raised on reply.

### III. LEGAL ARGUMENT

Under the local rules of the District Court a motion for leave to file a motion for reconsideration may be made when there is "a material difference in fact or law from that which was presented to the Court." (Civ. LR 7-9(b).) The material difference must be such that despite the exercise of reasonable diligence, the party applying for reconsideration did not know of such fact or law. (*Ibid.*) Here, the misunderstanding and resultant misrepresentation, were only made in plaintiff's reply in support of his motion to certify the appeal as frivolous. (CR 56.) There was no procedural mechanism for Defense counsel to oppose the material in writing. Moreover, the Court vacated oral argument, so defense counsel could also not educate the Court about the misrepresentations at oral argument. (CR 58.)

Therefore, this matter should be reconsidered anew.

### IV. CONCLUSION

For all these reasons the Court should grant leave to file a Motion for Reconsideration of the Order Certifying the Appeal as frivolous.

Dated: March 18, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
QUINTIN LUCAS
Supervising Deputy Attorney General

RUSSELL EMMONS
Deputy Attorney General
*Attorneys for Defendants Officer J. Ray and Sergeant J. Snider*



DENIED

Judge Araceli Martinez-Olguín

DATED: 3/25/2026

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MTR (4:24-cv-07249-YGR)