UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS LA MOTTE,<br><br>Plaintiff,<br><br>v.<br><br>J. RAY, et al.,<br><br>Defendants. | Case No.  24-cv-07249-AMO<br><br>**PRETRIAL ORDER NO. 2**<br>Re: Dkt. Nos. 76, 77, 78, 79, 81, 82 |

This Order confirms the matters discussed during the June 4, 2026 pretrial conference and resolves the pending motions in limine.  Any scheduling adjustments discussed herein supersede those outlined in Pretrial Order No. 1, Dkt. No. 62.

## I.    TRIAL SCHEDULE

Jury selection will occur on August 25, 2026, at 9:00 a.m.  The parties shall be prepared to deliver opening statements immediately after the jury is impaneled.  Further, the parties shall meet and confer to determine the allotted time for opening and closing statements and file a joint stipulation by 12:00 p.m. on June 28, 2026.  Should the parties be unable to reach an agreement, a joint submission laying out each side's position must be filed no later than 12:00 p.m. on June 28, 2026.  The submission shall not exceed four (4) pages, with two (2) pages allotted to each party's argument.

Each trial day will commence at 8:30 a.m. and will conclude at 1:30 p.m., with two 15-minute breaks spaced within that period.  Counsel shall arrive by 8:00 a.m. each day in order to discuss any matters fit for resolution outside the presence of the jury.  The case shall be submitted to the jury by the end of the trial day on August 28, 2026.

United States District Court
Northern District of California

**II.      JURY SELECTION**

The Court will include the additional questions discussed during the Pretrial Conference to the juror questionnaire.  The parties can expect to receive the completed juror questionnaires on August 21, 2026.  Thereafter, the Court may issue an order and/or schedule a conference to discuss jurors subject to excusal for hardship or cause.  The parties shall remain available to meet for this conference at 9:00 a.m. on August 24, 2026.

Each side will have 30 minutes for voir dire.  The Court will seat seven (7) jurors, with no alternates, and each side will be permitted three (3) peremptory challenges.

**III.      ADDITIONAL DEADLINES**

The parties must exchange demonstratives to be used during opening statements by 12:00 p.m. on August 20, 2026, *at the latest*.  Counsel may stipulate to an *earlier* deadline for exchanging those demonstratives.  Any unresolved objections to the demonstratives must be filed in writing by 12:00 p.m. on August 21, 2026, at the latest.  Similarly, the parties may stipulate to an earlier deadline.  The parties shall be available at 9:00 a.m. on August 24, 2026, to discuss any objections.  As to other demonstratives used during trial: the parties shall exchange any such material two (2) days prior to use and shall email a copy of the demonstrative to the Courtroom Deputy one (1) day prior to use.

The parties shall not file motions during trial absent leave of Court.  Prior to requesting leave of Court, the parties shall meet and confer to discuss the issue, and thereafter, may raise it during the morning conference with the Court.  Should the Court permit briefing on the issue, briefs will be due by 5:00 p.m. that same day.  The Court will resolve the motion prior to the start of the subsequent trial day.

By no later than June 18, 2026, the parties shall submit a joint jury verdict form.  If the parties cannot come to an agreement, then, in lieu of the stipulated verdict form, they shall each submit a revised verdict form as well as briefs, not to exceed five (5) pages, detailing their respective positions.

//

//

United States District Court
Northern District of California

United States District Court
Northern District of California

## IV.    TRIAL EXHIBITS

The parties submitted a joint exhibit list comprising 10 exhibits and confirmed these are all the exhibits to be used during trial.  Dkt. No. 69-1.  Neither party submitted written objections to the admission of the exhibits as required by Pretrial Order No. 1.  *See* Dkt. No. 62 at 3 (By April 23, 2026, the parties must "[f]ile and serve any objections to exhibits.").  As the Court noted during the Pretrial Conference, objections subsequently raised without complying with the April 23, 2026 deadline are waived.  *See also id*. at 2 n.2 ("Objections to exhibits not raised pursuant to Paragraph II.B are waived.").  Accordingly, the objections raised by Defendants during the Pretrial Conference are waived.

## V.    JURY INSTRUCTIONS

As to the lone dispute regarding Jury Instruction No. 9.14, the Court will not include this instruction.  Further, the Court will make adjustments to the stipulated instructions discussed during the Pretrial Conference.

## VI.    MOTIONS IN LIMINE

The Court issues the following rulings as to the parties' motions in limine for the reasons discussed at the Pretrial Conference:

- Plaintiff's Motion in Limine No. 1: **GRANTED IN PART**.  Defendants' expert witness may not draw legal conclusions as to probable cause or any other matter within the province of the jury.  Otherwise, **DENIED**.

- Plaintiff's Motion in Limine No. 2: **GRANTED**.

- Defendants' Motion in Limine No. 1: **GRANTED IN PART**.  Plaintiff's expert witness may not testify, specifically, that Defendant Ray was "25 times more likely" to arrest a black motorist than a white motorist.  Plaintiff's expert does not offer sufficient explanation of the method used to calculate that particular figure.  Otherwise, **DENIED**.

- Defendants' Motion in Limine No. 2: **DENIED**.

- Defendants' Motion in Limine No. 3: **DENIED**.

- Defendants' Motion in Limine No. 4: **DENIED**.  The Court may reconsider whether

testimony on Plaintiff's damages is cumulative based on how the evidence is presented at trial.

**IT IS SO ORDERED.**

Dated: June 5, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California