ROB BONTA
Attorney General of California
QUINTIN LUCAS
Supervising Deputy Attorney General
RUSSELL EMMONS
Deputy Attorney General
State Bar No. 289135
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9555
Fax: (916) 732-7920
E-mail: Russell.Emmons@doj.ca.gov
*Attorneys for Defendants CHP Officer J. Ray and CHP Sergeant J. Snider*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS LA MOTTE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CHP OFFICER J. RAY (22362), an individual; CHP SERGEANT J. SNIDER (17419), an individual; and DOES 1-25, inclusive,<br><br>Defendants. | 4:24-cv-07249-AMO<br><br>**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL**<br><br>Date: November 5, 2026<br>Time: 2:00 p.m.<br>Dept: 1<br>Judge: Hon. Araceli Martinez-Olguin<br>Trial Date: August 24, 2026<br>Action Filed: October 17, 2024 |

## INTRODUCTION

Plaintiff stubbornly and persistently refuses to engage with the actual questions of the motion. The question is not if a waived right to Qualified Immunity can be revived; the question is was it waived at all? Under Plaintiff's own law, it was not. The question is not whether Plaintiff disclosed a strip search. The question is: Were Defendants allowed to take plaintiff at his word until Plaintiff's attorney made a new and shocking claim at trial? The Question is not whether probable cause and qualified immunity are the same. The question is: Are Defendants entitled to Judgment as a Matter of Law on either a narrow defense (probable cause) or a generous defense (Qualified Immunity)? Under both Plaintiff's and Defendants' law, Defendants are so entitled.

## STATEMENT OF FACTS

After Defendants lost their Motion for Summary Judgment, they appealed and Plaintiff moved to certify the appeal as frivolous. ECF 53. While the motion was pending, when Defendants were considering a writ to delay the trial so the appeal could be heard, Defense counsel e-mailed Plaintiff's counsel to talk through a potential trial schedule. ECF 63 p. 6. Plaintiff's counsel took the e-mail, misrepresented its contents to the Court, and claimed Defense counsel was only appealing to delay the case. ECF 56. The Court, relying on new material only raised in Plaintiff's reply and deceived by the misrepresentation, claimed sanctionable conduct might have occurred. ECF 58. Defense counsel corrected the record via Motion for Reconsideration, but did not seek sanctions or any penalty against Plaintiff's counsel for the misrepresentation. ECF 63. This Court exercised its discretion to decline to reconsider the motion and Defendants decided to simply let the matter go and proceed to trial. ECF 65. All of this is old news. What is not "old news" is that plaintiff is once again trotting out his old falsehood to try defeat another motion. ECF 151 Opposition p. 6. While defendants *still* have no interest in holding Plaintiff accountable for these misrepresentations, this Court should set the sanctions request aside. They are not warranted.

Second, Plaintiff has raised a valid point in the Opposition. Defendants inadvertently included references to Federal Rule of Civil Proceder 56 instead of the correct citation to Rule 50 at several points in its Motion and notifies the Court of that fact. Plaintiff does not appear to have been confused by this mistake and has already tailored his arguments to the proper law.

Aside from making these points, Defendants choose to stand on the facts of the trial record and underlying Motion.

## LEGAL ARGUMENT

The questions in this Motion are quite focused, contrary to how Plaintiff tries to couch them. Defendants admit there may be multiple interpretations of the law to apply, but precision matters. Each of the legal points is clarified for the Court's review as follows.

/ / /

/ / /

## I. PLAINTIFF'S HAVE NOT SHOWN BY LAW AND FACT HOW QUALIFIED IMMUNITY WAS ACTUALLY WAIVED, BECAUSE IT WAS NOT.

First, the question is not whether a waived Qualified Immunity defense can be revived. The question is whether it was *waived at all*. Plaintiff's own briefing makes this point for the defense. It is clear that the one way the defense could be waived was by failing to assert it at trial. *See Unitherm Food Sys. V. Swift-Eckrich, Inc.* 546 U.S. 394, 404-405 (2006). But Defendants *did* raise at trial.

Nor is a waiver of a summary judgment argument a waiver at trial. In fact, all of the case law in both briefs agree that while a lost Summary Judgment argument may be gone, the proper next step for consideration raising the issue at trial. *See Turrey v. Vervent, Inc.*; 186 F.4th 1088. 1100; [recognizing that the proper procedural tool for review after a loss on summary judgment is to raise the issue under Rule 50 at trial.] Even more of Plaintiff's cases make this same point: Qualified Immunity, lost on Summary Judgment, is not waived so long as the defense is reasserted at trial pre and pos verdict; it was in this case. *See Ortiz v. Jordan*, 562 U.S. 180, [holding Qualified Immunity was waived only because it was not renewed in both a Rule 50(a) and Rule 50(b) motion.] In Plaintiff's own words "the defense had to be preserved and presented at trial," Plaintiff has not shown any legal authority that was not fully preserved and no one can dispute that it was presented both pre and post-verdict.

The only real question, and one that Plaintiff does not brief, is this: Can the Court deem a defense waived for failure to list it in the pretrial conference statement when that defense is listed in the answer  and raised at trial? Defendants admit they can find no clear law one way or the other on this issue. But they are certainly entitled to raise the matter in their Motion and have the Court consider it.

## II. THE COURT MAY PROPERLY CONSIDER QUALIFIED IMMUNITY BECAUSE THERE ARE NO ACTUAL DISPUTED FACTS ON THIS POINT

Further, the Court is still entitled to consider Qualified Immunity because, despite what Plaintiff claims, the material historical facts are not in dispute. Once again, Plaintiff's case actually supports Defendants' position. Under the case cited by Plaintiff, a judge determination of

qualified immunity is proper where "the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1211 (9th Cir. 2008). The facts in this case were virtually undisputed. There was no real dispute raised as to what anyone saw, simply a dispute as to whether it was sufficient basis for a reasonable officer to arrest. Both parties even relied on the same two videos to make their case, some frames showed red eyes and some did not. Therefore, the Court can properly make its determination if there was a basis for the jury's decision and if the defense of Qualified Immunity applies.

## III. PLAINTIFF INTENTIONALLY IGNORES THE VERY REAL DISTINCTION BETWEEN PROBABLE CAUSE AND QUALIFIED IMMUNITY.

Plaintiff also completely ignores the legal distinction between probable cause and qualified immunity by claiming the argument is "nothing more than the probable cause argument cloaked in a new name." ECF 151 p. 11 ll. 5-6. Plaintiff is sophisticated enough to both know and understand the distinction between the two arguments, it is the only reason to spend any time arguing waiver.

Probable cause exists when there is "a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004). A simple, clear, factual finding which Defendants dispute there was a basis for.

Far more generous to the Officers is a Qualified Immunity analysis which protects the officers if *any reasonable officer could think* he had probable cause. *See Messerschmidt v. Millender*, 565 U.S. 535, 556 (2012) [ "so obviously erred that *any reasonable officer* would" recognize it.] An important distinction. Defendant believes it is entitled to Judgment as a Matter of Law on both theories, but they should still not be conflated.

## IV. PLAINTIFF IGNORES THE ACTUAL QUESTIONS RAISED BY THE NEW EVIDENCE: WHETHER THERE WAS AN OBLIGATION TO SUBPOENA THIRD-PARTY RECORDS BEFORE PLAINTIFF'S ATTORNEY'S NEW CLAIM IN OPENING STATEMENT.

Next, Plaintiff misses the point on the newly raised evidence by claiming the strip search had been disclosed in deposition. ECF 151 p. 16 ll. 4. That is not disputed; it is also not the point. Defendants conceded in their motion that the strip search was disclosed in the deposition. ECF

145-1 p. 7 ll. 6-7. As it turned out, the jail had a policy that all strip searches had to be carefully documented, and had no record Plaintiff was ever strip searched. ECF 145-1. Defendants discovered this because Plaintiff's attorney made a new claim at trial of an anal cavity search. So, the question is this: Was Defendant obligated to subpoena third-party records *before* Plaintiff's attorney made the claim? That is the only pertinent question. If the court believes Defendants should have sent the request before the new claim, they lose on this issue. Conversely, if the Court believed Defendants could have taken Plaintiff at his word until the new claim, then the Court can move on to the second question: deciding if the evidence would have a difference.

But it clearly would have! Even if the Court disregards the jury's comments for the reasons raised by Plaintiff, the Court was still present in the trial and still heard the gravity of Plaintiff's testimony. It was the highest impact portion of the trial.

While Defendants advocate strongly for their position, they concede this is an open issue and one within the Court's discretion to consider.

## V. PLAINTIFF DOES NOT CHALLENGE THE NEW TRIAL REQUEST BASED ON PUNITIVE DAMAGES

Next, the punitive damages question is properly before the Court. Defendants actually requested *two* kinds of relief from this Court on punitive damages: both a new trial and Judgment as a Matter of Law. ECF 145-2 p. 8. Both kinds of relief were carefully explained: Defendants assert that as the factual issues of probable cause are before the Court for Judgment as a Matter of Law, a finding of probable cause would negate the punitive damages. However, recognizing that the Court might properly see this argument as waived, Defendants *also* asked for a new trial on this issue. Something they *are* entitled to whether raised at trial or not.

Plaintiff makes much of the waiver argument which took up less than three lines of the motion, but does not address the new trial argument. ECF 151 p. 16. Defendants will not regurgitate the argument here, but simply direct the court to that section of the Motion and ask the Court to consider *both* forms of requested relief seperately.

/ / /

/ / /

## VI. PLAINTIFF IS NOT ENTITLED TO SANCTIONS BECAUSE NEITHER HIS OPPOSITION OR ARGUMENTS JUSTIFY THEM.

Finally, Plaintiff has not shown anything worth of sanctions in his Opposition. Sanctions are only proper when a Court finds that a specific attorney acted with "'subjective bad faith.'" *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1153 (9th Cir. 2024). For example, attorneys can be sanctions for filing multiple default motions, writs of execution, and motions for recusal with the judge. *See Havensight Capital LLC v. Nike, Inc.*891 F.3d 1167, 1170. It is not appropriate here, when there are genuine procedural questions and genuine factual disputes. In the case of punitive damages, Plaintiff did not even argue in opposition to the new trial request. *See* ECF 145-1 pp. 7-8; [raising requests for *both* Judgment as a Mater of Law and New Trial; *see also* ECF 151 pp. 11-12; [focusing entirely on the Judgment as a Matter of Law and completely ignoring the arguments for new trial]. Moreover, as raised above, this sanctions request is at least partially based on past misrepresentations of Plaintiff's counsel. ECF 63 It should not avail him anything.

Plaintiff does get to punish Defense counsel for being an advocate. The Court should deny the request for sanctions.

## CONCLUSION

For all these reasons this Court should refuse Plaintiff's request of sanctions and award judgment as a matter of law or new trial.

Dated: October 20, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
QUINTIN LUCAS
Supervising Deputy Attorney General

RUSSELL EMMONS
Deputy Attorney General
*Attorneys for Defendants CHP Officer J. Ray and CHP Sergeant J. Snider*

SF2024803709

# CERTIFICATE OF SERVICE

Case Name: **La Motte v. Ray, et al.**
USDC Case No. **4:24-cv-07249**

I hereby certify that on **October 20, 2026,** I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **October 20, 2026**, at San Diego, California.

| | |
|---|---|
| A. Dotson | |
| Declarant | Signature |

SF2024803709
85967984.docx