ROB BONTA
Attorney General of California
QUINTIN LUCAS
Supervising Deputy Attorney General
RUSSELL EMMONS
Deputy Attorney General
State Bar No. 289135
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9555
Fax: (916) 732-7920
E-mail: Russell.Emmons@doj.ca.gov
*Attorneys for Defendants Officer J. Ray and CHP Sergeant J. Snider*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLAS LA MOTTE,**<br><br>Plaintiff,<br><br>**v.**<br><br>**CHP OFFICER J. RAY (22362), CHP SERGEANT J. SNIDER (17419), and DOES 1-25, inclusive,**<br><br>Defendants. | 4:24-cv-07249-YGR<br><br>**DEFENDANTS' REQUEST TO MAKE HEARING ON JUDGMENT AS A MATTER OF LAW REMOTE**<br><br>Date: November 5, 2026<br>Time: 2:00 P.M.<br>Dept: 1<br>Judge: Hon. Araceli Martinez-Olguin<br>Trial Date: August 25, 2026 |

Defendants Officer Ray and Sergeant Snider hereby request this Court allow remote appearance on the Motion for Judgment as a Matter of Law if this Court chooses to hear oral argument rather than simply offering a written opinion.

Under department Rule C 2, a party may request a remote appearance upon a showing of good cause seven days before the hearing. There is good cause because lead counsel has trial call the following day in San Diego and will be in final trial prep with witnesses that entire week.

Additional facts supporting good cause are in the attached declaration. Lead counsel has also sought to find alternate counsel to cover the hearing, but thus far has been unable to do so.

/ / /

Furthermore, with Plaintiff's request of sanctions (if the Court is considering awarding them) lead counsel should appear and answer any questions the Court may have before making its decision. While the motion itself might be handled by alternate counsel, the sanctions request should not be.

The parties have attempted to meet and confer about the possibility of remote appearance. While plaintiff counsel has said he is not opposed to defense counsel appearing remote, he says he does not want *both* parties remote. The parties are under the impression that a remote appearance is a "both or nothing" affair, and so the parties have not been able to agree.

Dated: October 27, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
QUINTIN LUCAS
Supervising Deputy Attorney General

*<u>/s/ Russell Emmons</u>*
RUSSELL EMMONS
Deputy Attorney General
*Attorneys for Defendants Officer J. Ray and Sergeant J. Snider*

SF2024803709
85689157.docx

**DECLARATION OF RUSSELL EMMONS**

I, Russell J. Emmons, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am employed as a Deputy Attorney General for the California Attorney General's Office. I am assigned to represent defendants CHP Officer J. Ray and CHP Sergeant Snider in this action. I have reviewed and become familiar with all of the pleadings and discovery in this action. I can testify of the following of my own personal knowledge.

2. My section at the Department of Justice has seven attorneys. Due to personnel turnover and the fact that many of the employees in my section have no trial experience, I was asked to take over as lead counsel in San Diego Superior Court Case No. 37-2023-00043181-CU-BC-CTL. Because of the high turnover, the Register of Actions for this case does not reflect my lead counsel status and still shows attorneys who were reassigned more than a year ago. However, I can provide the Court a declaration of my supervisor corroborating these facts upon request.

3. The entirety of my trial section is going forward on cases all over California, which is why I was requested to take this case in the last month before trial. The case is a complicated mix of contracts and civil rights causes of action and will require extensive preparation that entire week.

4. While it is unadvisable for me to spend hours travelling to appear, I understand Plaintiff is asking the Court for sanctions. While I believe this is unjustified, I and the Department of Justice take every such claim very seriously. If the Court has serious concerns about my conduct in this case or my motions, I want to ensure I can remotely appear and address any concerns before the Court makes its decision.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5. This request is filed seven days before the hearing and is timely. I waited to file this request because I was trying to see if there was alternate counsel who could appear (for example, attorney Jamie Shepherd). However, I confirmed late yesterday that attorney Shepherd will be in a hearing in Amador County and so cannot cover the hearing.

I affirm under penalty of perjury under the laws of the State of California that the foregoing information is true and correct of my own knowledge and that this declaration is being executed on this October 27, 2026 at San Diego, California

*/s/ Russell Emmons*
Russell J. Emmons

# CERTIFICATE OF SERVICE

Case Name: **La Motte v. Ray, et al.** No. **4:24cv7249**

I hereby certify that on **October 27, 2026**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REQUEST TO MAKE HEARING ON JUDGMENT AS A MATTER OF LAW REMOTE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **October 27, 2026**, at San Diego, California.

| | |
|---|---|
| A. J. Lopez | */s/ A. J. Lopez* |
| Declarant | Signature |

SF2024803709
85977982